# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JESUS RUIZ | Case No. 16-CV-2521 |
| Petitioner, | |
| | Hon. Martha Pacold |
| v. | |
| | **FILED** |
| UNITED STATES OF AMERICA | DEC 20 2024 |
| Respondent. | |
| | THOMAS G. BRUTON |
| | CLERK, U.S. DISTRICT COURT |

## MOTION TO RE-OPEN RUIZ'S 28 U.S.C. §2255(h)(2) PETITION, BASED UPON A DEFECT IN THE INTEGRITY OF THE HABEAS PROCEEDINGS, PURSUANT TO FED. R. CV. P. 60(b)(6)

Now comes Jesus Ruiz (hereinafter "Ruiz"), and hereby through pro se submits this *Motion to Re-Open his 28 U.S.C. §2255(h)(2) petition, based upon a defect in the integrity of the habeas proceedings, pursuant to Fed. R. Cv. P. Rule 60(b)(6),* and in support thereof, shows this Court as follows.

## INTRODUCTION

Based upon this Court's inherent power to ensure that fairness and justice are done, Ruiz respectfully asks that a "less stringent standard" be applied toward his pleadings. *Hanes v. Kerner,* 404 U.S. 519, 520 (1872); compare *Goldberg v. Kelly,* 397 U.S. 254 (1970)(under the due process principles, the opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard). Because the Federal Rules of

1

Procedure "are not and were not intended to be a rigid code, to have an inflexible meaning irrespective of the circumstances," *Fallen v. United States*, 378 U.S. 238, 142 (1964), any innocuous irregularities in the instant pleadings and supporting documents should be disregarded when considerations of fairness and justice dictate that course. If, however, the Court determines that Ruiz failed to comply with each and every rule of procedure, or any other local rule, he urges the Court to construe the rules liberally, or in the alternative, suspend the rules in the interest of justice and disregard any defects in form and procedure in these pleadings inasmuch as they are not jurisdictional.

## I. Factual Statement and Prior Proceedings.

In 1997, Ruiz and four codefendants were charged in an eleven count superseding indictment with conspiracy to commit racketeering, in violation of 18 U.S.C. §1962(d)(count one); hostage taking, in violation of 18 U.S.C. §1203(a)(counts two through five); conspiracy to commit kidnapping, in violation of 18 U.S.C. §1201(c)(count six); kidnapping, in violation of 18 U.S.C. §1201(a)(count seven); simple assault, in violation of 18 U.S.C. §111(count eight); and three counts of using and carrying a firearm during or in relation to three now-nonexistent crimes of violence, in violation of 18

U.S.C. §924(c)(counts nine through eleven). Ruiz and three of his co-defendants were convicted on all counts after a jury trial.

Though none of Ruiz's offenses of conviction required the imposition of mandatory life imprisonment, then-existing precedent allowed the sentencing court to find, over Ruiz's objection, that the only punishment available for count five (Jaime Estrada's hostage taking) and seven (Jaime Estrada's kidnapping) was a "death or life" without the possibility of parole sentence as required by Sections 1201(a) and 1203(a) when the defendant's offense of conviction resulted in death. Based upon this finding, the sentencing court held that under "relevant conduct" it was also bound to impose life sentence on counts 1, 2, 3, 4, and 6. Therefore, Ruiz was sentenced to seven life terms of imprisonment, to be served concurrently for counts one through seven; ten years for count eight, to be served concurrently with the life sentences; and forty-five years for counts nine through eleven, these to be served consecutively to the life sentences.

On appeal, the Seventh Circuit affirmed Ruiz's convictions and sentence. *Torres v. United States*, 191 F.3d 775 (7th Cir. 1999). Thereafter, the Supreme Court denied certiorari. *Torres v. United States*, 120 S.Ct. 1218 (2000).

3

**Ruiz's first §2255 petition**

On or about February 2001, Ruiz filed his first §2255 petition. He was arguing that: (1) the indictment was unconstitutionally amended; (2) Ruiz's life sentence violated the rules announced in *Jones v. United States*, 526 U.S. 227 (1999), and Apprendi; (3) the evidence was insufficient to convict Ruiz on all counts; and (4) that he received ineffective assistance of counsel during and after trial.

Significantly, in reference to Ruiz's claim that the evidence against him was insufficient to convict him on all counts, the court held that; "On appeal, Ruiz failed to present this broader assertion that the evidence was insufficient to convict as to all counts," and thus, it was "within its discretion to find this claim procedurally barred." Ruiz 447 F.Supp.2d at 928.

Subsequently the Seventh Circuit denied Ruiz's petition for a COA. *Ruiz v. United States*, No. 06-4024 (7th Cir. Jan. 2007), and on June 8, 2007 the Supreme Court denied Ruiz's petition for a writ of certiorari.

**Pro se motion under Rule 60(b).**

On or about February 11, 2014, Ruiz filed a Rule 60(b) motion for relief from judgement of August 30, 2006 (the denial of his first §2255 petition). On March 27, 2014, the court denied that motion as untimely. Thereafter, the Circuit Court denied Ruiz's application for a COA. *Ruiz v. United States*, No. 14-2127 (7th Cir. Nov. 7, 2014).

4

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JESUS RUIZ | Case No. 16-CV-2521 |
| Petitioner, | |
| | Hon. Martha Pacold |
| v. | |
| UNITED STATES OF AMERICA | DEC 20 2024 |
| Respondent. | |
| | THOMAS G. BRUTON |
| | CLERK, U.S. DISTRICT COURT |

## MOTION TO RE-OPEN RUIZ'S 28 U.S.C. §2255(h)(2) PETITION, BASED UPON A DEFECT IN THE INTEGRITY OF THE HABEAS PROCEEDINGS, PURSUANT TO FED. R. CV. P. 60(b)(6)

Now comes Jesus Ruiz (hereinafter "Ruiz"), and hereby through pro se submits this *Motion to Re-Open his 28 U.S.C. §2255(h)(2) petition, based upon a defect in the integrity of the habeas proceedings, pursuant to Fed. R. Cv. P. Rule 60(b)(6),* and in support thereof, shows this Court as follows.

## INTRODUCTION

Based upon this Court's inherent power to ensure that fairness and justice are done, Ruiz respectfully asks that a "less stringent standard" be applied toward his pleadings. *Hanes v. Kerner,* 404 U.S. 519, 520 (1872); compare *Goldberg v. Kelly,* 397 U.S. 254 (1970)(under the due process principles, the opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard). Because the Federal Rules of

1

While the appellate court was considering the request for a COA (on the Rule 60(b) motion), Ruiz separately applied for permission to file a second or successive §2255 petition based upon *Rosemond v. United States*, 134 S.Ct. 1240 (2014), and *Burrage v. United States*, 134 S.Ct. 881 (2014). That application was denied. *Ruiz v. United States*, No. 14-2258 (7th Cir. June 12, 2014).

**Ruiz's first §2241 petition.**

On or about June 15, 2015, Ruiz filed a habeas corpus petition under §2241 at the Western District of Wisconsin. In that petition, he was challenging the resultant death enhancement in light of Burrage, and his convictions for violating §924(c), under *Rosemond*. The court denied that petition. *Ruiz v. Williams*, 2018 U.S. Dist LEXIS 6515 (W.D. Wis., January 16, 2018).

**Ruiz's second pro se Rule 60(b) motion.**

On or about January 6, 2016, Ruiz filed another Rule 60(b) motion to re-open his first §2255 proceedings. In this motion, he was arguing that in light of the United States Supreme Court's holdings in *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Trevino v. Thaler*, 133 S.Ct. 1911 (2013); *Martinez v. Ryan*, 132 S.Ct. 1309 (2012); and Seventh Circuit's decision in *Ramirez v. United Sates*, 799 F.3d 845 (7th Cir. 2015), he was entitled to re-open his first §2255

5

petition. This motion was denied on April 27, 2017, as untimely. Then, the Circuit Court denied COA.

**Second or successive §2255 Johnson/Davis Claim.**

On or about January 28, 2016, Ruiz filed an application for permission to file a second or successive §2255 motion based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015). In this application, Ruiz was arguing that after Johnson, conspiracy to commit kidnapping, kidnapping, and simple assault did not qualify as crimes of violence under §924(c)(3)(A) and therefore, cannot be used to sustain Ruiz's §924(c) convictions and 45-year consecutive sentence. The Circuit Court granted this application. *Ruiz v. United States*, 2016 U.S. Dist. LEXIS 12413 (7th Cir. Feb. 19. 2016). Subsequently, this Court declined to reach the merits of Ruiz's claims and denied relief. *Ruiz v. United States* 2017 U.S. Dist. LEXIS 215527 (N.D. Ill. Dec., 23, 2017).

Thereafter, the Seventh Circuit granted a certificate of appealability. *Ruiz v. United States*, No. 18-1114 (7th Cir. Aug., 23, 2018). Subsequently, a divided panel from the Court affirmed this Court's judgement and also declined to reach the merits of Ruiz's Johnson/Davis claim. *Ruiz v. United States*, 990 F.3d 1025, 1035 (7th Cir. 2021). Judge Wood wrote a dissenting opinion. Id., at 1035-41.

Subsequently, a petition for rehearing was filed and the majority of the Circuit judges voted to deny the petition. Again, Judge Wood wrote another

dissenting opinion which was joined by Judges Rovner, and Hamilton. *Ruiz v. United States*, 5 F.4th 839 (7th Cir. 2021). The Supreme Court denied certiorari. *Ruiz v. United States*, No. 21-6200 (S.Ct. March 8, 2022).

While the Circuit Court was considering these appeals, Ruiz filed three other applications seeking permission to file successive §2255 motions. *Ruiz v. United States*, No. 18-1697 (7th Cir. April 22, 2019)(under Dimaya); *Ruiz v. United States*, No. 19-1919 (7th Cir. May 16, 2019)(under Dimaya); and *Ruiz v. United States*, No. 20-2161 (7th Cir. 2020)(under Davis).

**Ruiz's second §2241 petition**

Ruiz filed another §2241 habeas corpus petition with the Western District of Wisconsin. In that petition, Ruiz was arguing that under the Supreme Court's holdings in *Mathis v. United States*, 136 S.Ct. 2343 (2016); *Descamps v United States*, 133 S.Ct. 2284 (2013); and *Rosemond v. United States*, 134 S.Ct. 1240 (2013), he is actually innocent of the aggravated offenses of kidnapping and hostage taking resulting in death, and that all of his three §924(c) convictions are based upon three now-nonexistent crimes of violence under §924(c)(3)(A). That petition was denied. *Ruiz v. Keyes*, No. 23-CV-37 (W.D. Wis., Aug. 3, 2023).

Most recently, Ruiz filed (with this Court) a *Motion for a Sentence Reduction* pursuant to 18 U.S.C. §3582(c)(1)(A). That Motion is fully briefed and is now pending for the Court's decision.

## II. Statement of Relevant Facts (and the government's official version) of Jaime Estrada's Kidnapping, Confinement, and Death.

On June 28, 1996, Jaime Estrada was kidnapped from a parking lot in Milwaukee, Wisconsin by Luis Alberto Carreno-Duarte, Mirna Lechuga, and two other individuals (unknown to Ruiz). Subsequently, Estrada was transported to the Northside of Chicago to an apartment located on Moody Street.

### Jaime Estrada's Shooting

On or about the morning of June 28, 1996, Blanca Irene Carreno-Duarte ("Blanca"), the sister of Luis Alberto Carreno-Duarte "Beto"), and Beto's girlfriend Estela Barraza Nevarez ("Estela"), arrived at the apartment at 2342 Moody Street. In the apartment, Blanca observed Beto on the bed in the living room with a gun. Blanca also observed a male individual who was on a sofa in the living room with his hands bound, Blanca understood that the bound individual was being held captive by Beto and others, and later acknowledged that she understood, based on the circumstances, that the individual was being held captive for ransom of some kind.

After observing the kidnapped individual and Beto in the living room, Blanca and Estela went into a bedroom in the Moody apartment. A short time after entering the bedroom, Blanca heard a loud noise. Blanca (and Estela) returned to the living room where she observed Beto standing with

8

the gun. Blanca observed Estrada with his hands still bound, sitting on the sofa holding his stomach and moaning. Beto indicated to Blanca (and Estela) that he (accidentally) shot Estrada and instructed her and Estela to leave the apartment.

On the next day (June 29, 1996) Blanca returned to the apartment at 2342 Moody Street. While at the apartment, Blanca observed various bloodstains from the June 28, 1996 shooting of Estrada. Knowing that the bloodstains were evidence of Estrada's kidnapping and shooting, and with intent to conceal the evidence, Blanca attempted to clean the blood from the apartment and the sofa in the living room where Estrada had been sitting with his hands bound. See, Attachment 1 (Blanca's plea agreement), and Attachment 2 (Blanca's plea hearing transcripts); see also Attachment 3 (sentencing transcripts addressing the same).

The morning of June 29, 1996, Luis Alberto Carreno-Duarte released Estrada. Seventeen days later (on July 16, 1996), Jaime Estrada died from pneumonia, a complication resulting from an infection due to the gun wound (inflicted by Beto) and the subsequent thirty-hour delay in Estrada receiving any treatment.

Ruiz was arrested the night of June 28, 1996, while accompanying his cousins Miguel Torres and Salome Varela on what Ruiz believed to be a short trip to pick up a car.

9

Before addressing the substance of the instant Rule 60(b)(6) Motion, Ruiz wanted to clarify why he is not including the facts related to the other counts of conviction (counts 1-4); it is not Ruiz's intention to minimize the seriousness of those offenses, but rather, Ruiz wanted concentrate his argument on the facts that resulted in his multiple life-plus the 45-year consecutive sentences.

### III. Legal Standard Governing Fed. R. Cv. P. 60(b)(6).

Rule 60(b)(6) allows parties to re-open their case under "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Although the Antiterrorism and Effective Death Penalty Act (AEDPA) limits the availability of relief under Rule 60(b) in habeas review, the Supreme Court has explained that Rule 60(b) "has an un questionably valid role to play in the habeas context." Id. at 534; see also *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007)(applying Gonzalez to §2255 proceedings). Indeed, a Rule 60(b) motion is appropriate in the habeas context where (as here) it "attacks, not the substance of the federal court's resolution of the claim on the merits but some defect in the integrity of the habeas proceedings." *Gonzalez*, 545 U.S. at 532.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that only "extraordinary circumstances" justify re-opening a final judgement under Rule 60(b)(6), and in the habeas context such extraordinary

circumstances "will rarely occur." Id. at 535. However, in *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), the Seventh Circuit Court of Appeals held that; "[a]t the same time, . . . 'rarely' does not mean 'never.'" Id. at 851.

In the Ramirez case, he was arguing that in light of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), ineffective assistance and abandonment by habeas counsel during initial-collateral attack, constitutes "cause" and "extraordinary circumstance" that may justify the use of Rule 60(b)(6). In Ramirez's case, the district court denied his §2255 motion, but Ramirez's counsel failed to tell him and failed to request a certificate of appealability. After an untimely notice of appeal which the appellate court dismissed for lack of appellate jurisdiction.

Then Ramirez filed, with the district court, a Rule 60(b)(6) motion arguing that his counsel had provided ineffective assistance by causing him to miss the appeal deadline. The district court denied the motion, finding that the right to counsel did not extend to §2255 proceedings. On appeal, the Court agreed with Ramirez that his Rule 60(b)(6) motion was "not a disguised second or successive motion under Section 2255" because Ramirez was "not trying to present a new reason why he should be relieved of either his conviction or his sentence," but rather was "trying to reopen his existing Section 2255 proceeding and overcome a procedural barrier to its adjudication." Id. 799 F.3d at 850. The appellate court vacated the district

court's denial of the Rule 60(b)(6) motion and held that Ramirez's argument was indeed "cognizable under Rule 60(b)." Id. at 548.

## A. Ruiz's Successive 28 U.S.C. §2255 Johnson/Davis Claim.

In the instant case, Ruiz brought his second or successive §2255 motion back on 2016, he was arguing that after the United States Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), conspiracy to commit kidnapping, in violation of 18 U.S.C. §1201(c); kidnapping, in violation of 18 U.S.C. §1201(a); and misdemeanor simple assault, in violation of 18 U.S.C. §111(a), cannot be used to sustain a §924(c) conviction and thus, all three of his §924(c) convictions and 45-year consecutive sentence was void and therefore, should be vacated (counts 9-11).

Though the government conceded that count 9 was invalid, it was then arguing that count 10 was based on kidnapping resulting in death and thus, even after *Johnson*, remain valid. The government was also arguing that because Ruiz was sentenced to 10 years on count eight, which was used as the predicate offense to sustain the §924(c) violation (assault), it was based on the aggravated version of 18 U.S.C. §111(b) and thus, even after *Johnson*, remain valid to sustain Ruiz's §924(c) conviction on count 11.

Additionally, regarding Ruiz's overall sentence, the government position was that because Ruiz "do[es] not challenge [his] life sentences, which [according to the government] means that any error on the §924(c) counts

[was] harmless as it would not affect [his] ultimate sentences." Gov. Mem. at

*1-2.

The court agreed with the government, it also declines to address Ruiz's

claims on the merits and deny the motion, holding that:

> even if a Constitutional change in the law required the elimination
> the consecutive sentences pursuant to §924(c) . . . [Ruiz's] life
> sentences would remain in full force and effect. The government
> correctly argues that
> [Ruiz] therefore have no avenue to relief because any error would
> be harmless, since the ultimate sentence would not change.

See Ruiz v. United States, 2017 U.S. Dist. LEXIS 215527, at *9. (citing Gov.
Mem. at *1-2).

Further, the Court's conclusion stated that:

> even if [Ruiz] were correct as to the application of the Supreme
> Court's holding in Johnson, any resulting Constitutional change in
> the law to [his] sentences pursuant to §924(c) would have no effect
> in [his] ultimate sentences, as [he] do not contest [his] sentences
> under the other statutory provisions. Accordingly, the Court agrees
> with the Government that any error would be harmless. The Court
> declines to address the parties' alternative positions.

Id. at *9.

On appeal, a divided panel affirmed the Court's judgement and also

declined to address Ruiz's appeal on the merits, stating that: "[a]bsent some

extraordinary and unexpected change in the law with retroactive application,

Ruiz's seven life sentences will remain in place. Vacating Ruiz's §924(c)

convictions (assuming that his Davis claim has merit) does nothing to change

that unfortunate reality for Ruiz. See, *Ruiz v. United States*, 990 F.3d at

1035. Judge Wood wrote a dissenting opinion, see id, at 1035-41. A petition

for a rehearing en banc was followed and the majority of the Circuit Judges voted to deny the petition. However, Judge Wood again wrote another dissenting opinion, which was joined by Judges Rovner, and Hamilton. See *Ruiz v. United States*, 5.F.4th 839 (7th Cir. 2021). The Supreme Court denied certiorari. *Ruiz v. United States*, No. 21-6200 (S.Ct. March 8, 2022).

**IV. Under Gonzalez v. Crosby, 545 U.S. 524 (2005), the Court's Failure to Address Ruiz's 28 U.S.C. §2255(h)(2) on the Merits Constitutes a Defect in the Integrity of the Habeas Proceedings.**

Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). However, under Section 2255(h)(2), the movant must show that he relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Id.

As a matter of law, Ruiz "has a 'Constitutional right to be deprived of liberty as punishment for criminal conduct only to the extent authorized by Congress.'" *Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011)(quoting *Whalen v. United States*, 445 U.S. 684, 690 (1980)). In Narvaez, the Seventh Circuit explained that "sentencing errors are generally not cognizable on collateral review, especially when such error can be revised

14

on direct appeal." Id. at 627. But it held that "Mr. Narvaez's case . . . does not come within this general rule. It presents a special and very narrow exception: A postconviction clarification in the law has rendered the sentencing court's decision unlawful." Id. (citing *Welch*, 604 F.3d at 412-13)(recognizing that a sentencing error is cognizable on collateral review "were a change in the law reduces the defendant's statutory maximum sentence below the 'imposed sentence.'")(emphasis in original). The Court concluded that Narvaez was entitled to relief because he was subject to an error of law that "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 625 n.10 ((quotation marks omitted); see also Id., at 629-30.

In reaching this conclusion, the Court relied on *Davenport's* holding that if "the defendant was indeed being held in prison for a 'nonexistent crime,' . . . he may be entitled to collateral relief." Id. at 628 (quoting *Davenport*, 147 F.3d at 610). The Court acknowledged that *Davenport* and prior cases "provide[] collateral relief when a defendant is innocent of the underlying crime." 674 F.3d 628. But the Court stated; "that reasoning extends to this case, where a post-conviction Supreme Court ruling made clear that Narvaez was not eligible for the categorization of violent offender wrongfully imposed upon him." Id. The Court concluded that "[t]o classify Mr. Narvaez as belonging to this group and therefore to increase, dramatically, the point of

departure for his sentence is certainly as serious as the most grievous misinformation that has been the basis for granting habeas relief." Id/ at 628. Ruiz's circumstances are essentially analogous to both *Narvaez* and *Davenport*. He was sentenced to multiple terms of life imprisonment in the pre-Booker era and, "[a] postconviction clarification in the law [Johnson and Davis] has rendered the sentencing court's decision unlawful." *Narvaez*, 674 F.3d at 627. As explained below, Ruiz's underlying pleadings clearly establishes that after *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *United States v. Davis*, 139 S.Ct. 2319 (2019), all three of his §924(c) convictions are invalid.

In order to sustain a charge and/or conviction for violating 18 U.S.C. §924(c), the underlying crime on which the violation is based has to be considered a violent crime. Section 924(c) defines "crime of violence" as:

> (3) for purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

See, 18 U.S.C. §924(c)(3)(A)(B).

Subsection (A) is referred to as the "use-of-force" or "elements" clause of the statute, and subsection (B) is referred to as the "risk-of-force" or the

16

"residual" clause of §924(c). After *Johnson*, subsection (B) void. *Davis*, 139 S.Ct. at 2336.

## A. Count Nine.

Ruiz was charged in count nine with using and carrying a firearm during and in relation to the commission of a crime of violence, that is, conspiracy to commit kidnapping under §1201(c) (described in count six of Ruiz's superseding indictment), in violation of §924(c).

Under Seventh Circuit precedent, it is well established that conspiracy is not a crime of violence. *Bush v. Pitzer*, 133 F.3d 475 (7th Cir. 1997). In *Bush*, the Seventh Circuit held that "the definition in §924(c)(3) refers to the elements or nature of the 'offense.' An offense such as conspiracy neither has the use of physical force as an element, §924(c)(3)(A), nor 'by its nature creates a substantial risk that physical force will be used, §924(c)(3)(B).'"); see also *D'Antoni v. United States*, 916 F.3d 658, 665 n.5 (7th Cir. 2019)("conspiracy tends to be outside the reach of the elements clause, and generally will be deemed a violent felony only if it qualifies under the residual clause.").

Therefore, it is undisputed that "[w]ere the Court reach the merits of [Ruiz's] challenge to his §924(c) convictions, it should be vacated Count 9, for which the predicate crime of violence was conspiracy." *Ruiz v. United States*, No. 18-1114, Government's Brief (hereinafter "Gv. B.") at *14.

17

**B. Count Ten.**

Ruiz was charged in count ten with using and carrying a firearm during and in relation to the crime of violence--that is--kidnaping under §1201(a) (described in count seven of Ruiz's superseding indictment), in violation of §924(c).

It is undisputed that 18 U.S.C. §1201(a) is a divisible statute that prescribes two different crimes, simple kidnapping under the first clause, and aggravated kidnapping under the second clause (which is a capital offense). Though the Seventh Circuit has yet to consider whether the aggravated offense of kidnapping resulting in death qualifies as a crime of violence under §924(c)(3)(A), that inquiry is irrelevant to Ruiz's claim. Both the government and the appellate court has acknowledged that Ruiz's offense of conviction is based upon simple kidnapping under the first clause. *Ruiz v. United States*, No. 18-1114, Government's Brief (hereinafter "CA. Gv. Br.") at *15 (citing *Burrage v. United States*, 134 S.Ct. 881 (2014), and *Mathis v. United States*, 136 S.Ct. at 2256). Thus, it is undisputed that the jury did not find Ruiz guilty of the aggravated offenses of kidnapping and hostage taking resulting in death. See, CA. Gv. Br. at *16 ("As the defendant notes... his trial occurred prior to *Alleyne v. United States*, --U.S.--, 133 S.Ct. 2151 (2013), meaning that the jury was not instructed on the death results element of §1201(a)); see

also, CA. Gv. Br. at *17 ("the jury was not instructed on the aggravated

offense" of kidnapping resulting in death)(emphasis added).

### Circuit Judge Wood's Statement

Dissenting from the denial of Ruiz's §2255 motion under Johnson/Davis

claim, Senior Circuit Judge Wood made the following statement:

> The Government has acknowledged that conspiracy to commit
> kidnapping is not a crime of violence, and so Ruiz's Count 9 is gone.
> Next, as the majority acknowledges, for Count 10 the jury expressly
> found only the predicate of simple kidnapping beyond a reasonable
> doubt in its verdict, and we already held that simple kidnapping is
> not a crime of violence, *United States v. Jenkins*, 849 F.3d 390, 395
> (7th Cir. 2017), vacated 138 S.Ct. 1980 (2018), reinstated sub nom.
> *United States v. Jackson*, 932 F.3d 556, 558 (7th Cir. 2019). That
> might well take care of Count 10. What's left is Ruiz's Count 11
> conviction. To resolve that, we would need to apply the well-known
> modified categorical approach to elements of the predicate offense.
> See *Shepard v. United States*, 544 U.S. 13 (2005), a task we
> regularly undertake.

See, Ruiz, 990 F.3d at 1040-41.

### C. Count Eleven.

Ruiz was charged in count eleven with using and carrying a firearm

during and in relation of the crime of violence--that is-- misdemeanor simple

assault under 18 U.S.C. §111(a) (described in count eight of Ruiz's

superseding indictment), in violation of §824(c),

Under Seventh Circuit precedent, misdemeanor simple assault is

neither a felony, nor a crime of violence under §924(c)(3)(A). It is well

established that 18 U.S.C. §111 is a divisible statute that defines three

different offenses. First, misdemeanor simple assault under §111(a). Second, felony assault in all cases that either involve physical contact with the victim of assault or are committed with intent to commit another felony, under §111(a). And third, aggravated felony assault involving a deadly weapon or resulting in bodily injury, under §111(b). *United States v. Vallery*, 437 F.3d 626, 228-31 (7th Cir. 2006).

Using the modified categorical approach to identify Ruiz's offense of conviction on count eight, which serves as the predicate offense to sustain count eleven, the record in this case (indictment, jury instructions, and the verdict form) clearly demonstrates that Ruiz was charged with a misdemeanor simple assault under §111(a) which again, is neither a felony, nor a crime of violence under §924(c)(3)(A).

Though Ruiz's indictment did not specify which subsection of §111 was used to sustain the predicate offense in count eight, the government does not dispute that it "tracked the language of §111(a)(1) . . . and the jury was [only] instructed on the elements of §111(a)(1)." *Ruiz v. United States*, No. 18-1114, Gv. B. at *22.

### D. Ruiz's 28 U.S.C. §2255(h)(2) should be reopened and granted.

Rule 60(b)(6) of the Fed. R. CV. P. "vest power in courts adequate to enable them to vacate judgements whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615-15 (1943).

Recently, in *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), the Seventh Circuit Court of Appeals explained that; "Rule 60(b)(6) is fundamentally equitable in nature[,]" and thus "requires the courts to examine all the circumstances, bearing in mind the need for the party invoking the rule to demonstrate why extraordinary circumstances justify relief." And that "pertinent considerations include, though are not limited to, a change in the Supreme Court's approach to the fundamental rules for deciding habeas corpus cases; the diligence of the petitioner; and whether alternative remedies were available but bypassed; and whether the underlying claim is one on which relief could be granted." Id. at 851.

As in the Ramirez case, Ruiz is invoking Rule 60(b)(6) under the catchall category--subsection (b)(6)--which permits a court to reopen a judgement for "any other reason that justify relief." Fed. R. CV. P. 60(b)(6). Under Ramirez, in order to grant Ruiz's 60(b)(6) motion, the Court is required to examine; (1) whether Ruiz is showing an extraordinary circumstance that justify relief; (2) whether he was diligently pursuing his underlying claim; (3) whether alternative remedies were available but bypassed; and (4) whether the underlying claim is one of which relief could be granted. Having these principles in mind, Ruiz will show below that he meets all four of these requirements and thus, the Court should grant the relief he sought.

(1) extraordinary circumstance. Ruiz is currently serving multiple terms of life imprisonment plus 45-tear consecutive sentence. His multiple life sentences (seven in total) are based on two crimes for which both the government and the appellate court has acknowledged that he was neither charged with, nor convicted of (the aggravated capital offenses of kidnapping and hostage taking resulting in death). And his 45-year consecutive sentence is based on three nonexistent crimes of violence under §924(c)(3)(A).

As a federal defendant, Ruiz "has a due process right to be tried and convicted only for a crime that actually exist. '[C]onviction and punishment . . . for an act that the law does not make criminal . . . 'inherently results in a complete miscarriage of justice.'" *Ruiz v. United States*, 990 F.3d 1025, 1035 (7th Cir. 20210(Wood, J., dissenting)(quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). "A conviction for a nonexistent offense' [as here] thus reflects a 'fundamental . . . defect' in a criminal judgement and must be set aside." 990 F.3d at 1036 (quoting *Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)); see also *Montgomery v. Louisiana*, 136 S.Ct. 718, 731 (2016)("A conviction or sentence in violation of a substantive rule [as here, Johnson and Davis] is not just erroneous but contrary to law and, as a result, void.").

Moreover, it is well established that "[m]ultiple terms of imprisonment are treated under federal law as a single, aggregate term of imprisonment, 18 U.S.C. §2584(c), and we've recognized 'a criminal sentence is a package

composed of several parts.'" *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020)(quoting *United States v. Litos*, 847 F.3d 906, 909 (7th Cir. 2017)); see also *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019)("Sentences for multiple offenses are generally treated as a 'package,' so that when part of the package is removed on appeal, the district court may consider the overall sentencing package on remand.")(quoting *Pepper v. United States*, 562 U.S. 476, 507 (2011)). "Those cases typically involve multicount indictments and a successful attack by the defendant on some but not all of the counts of conviction." *Greenlaw v. United States*, 554 U.S. 237, 253 (2008). In those cases--including ones where §924(c) convictions are invalidated--the Government routinely argues that an appellate court should vacate the entire sentence so that the district court may increase the sentences for any remaining counts up to the limit set by the original aggregate sentence. *United States v. Smith*, 756 F.3d 1179, 1188-89 (10 Cir. 2014)(collecting cases). "And appellate courts routinely agree. Id., at 1189, and n.6 (same).

Indeed, "[a] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent." *Pepper v. United States*, 562 U.S. 476, 507 (2011). "[A]ltering one portion of the calculus" may undermine "a district court's original sentencing intent." Id. (internal quotation marks and citation omitted). See also, *United States v. Wilcher*, 91

F.4th 864 (7th Cir. 2024)("A criminal sentence is typically a 'package 'made up of several parts, including the terms of imprisonment and supervised release.")(citing *United States v. Mobley*, 833 F.3d 797, 801 (7th Cir. 2016)).

In the instant case, both the government and the sentencing court made clear in Ruiz's original sentencing hearing that there were no aggravating factors that required the imposition of a sentence higher than the low-end of Ruiz's guideline range, which was 168 months--without the §924(c) counts and the now inapplicable resulting death enhancement--stating that:

> THE COURT: So in terms of Count 2 to Count 3 and 4, what is the Guideline range or Guideline line implication as to Counts 2, 3, and 4?
>
> [AUSA]: Your Honor, for Count 1 and 4, and its 33, which is 135 to 168 months. So the Court could select a sentence of 168 for all three of those, which would fit the guidelines range in either interpretation.
>
> THE COURT: The low end of the Guideline range as to Counts 2 is 168 months. As to Count 3, the low end is 168 months?
>
> [AUSA]: No. The low end as to Counts 2 and 4 is 168 months. The low end with respect to Count 3 is 168 months.
>
> THE COURT: The Court will impose a sentence at the low end of the Guideline range on Counts 2, 135 months; on Count 4, the low end of the Guideline range, 168 months. Does the law prevent a sentence to run concurrently on 2, 3, and 4?
>
> [DEFENSE]: In actuality it requires that it be concurrently with the imposition of the life sentence on Count 1.
>
> THE COURT: The sentence on Counts 2, 3, and 4 are to run concurrently, and to run with Count 1. And they will run concurrently with the imposition of the life sentence.

See, sentencing transcripts of January 28, 1998, at 3706-07.

Though at this time is undisputed that Ruiz was neither charged with, nor convicted of, the aggravated offenses of kidnapping and hostage taking resulting in death, the then existing precedent allowed the sentencing court to conclude that the only available punishment for counts 5 and 7 (Jaime Estrada's kidnapping) was a "death or life" sentence, as mandated by Sections 1201(a) and 1203(a) when the defendant is charged and convicted of the aggravated and capital crimes under these two statutes, stating that:

> THE COURT: I have read the government's consolidated response. The statute as to Counts 5 and 7 is clear, unequivocal language. It is not necessary that the Court look to other statutes or go into the thorny issues of Congressional intent and enter that bramble bush. And the case law in the Seventh Circuit repeatedly takes the position that if the language of the statute is clear, the Court should deal with it directly and not engage in this other activity.
> The statute says; "sentencing provisions of both Sections 1203(a) and Section 1201(a) expressly provide that persons found guilty of these respective offenses shall be punished by any term of years or life, and, if the death of any person results, shall be punished by death or life imprisonment." That's 18 U.S.C. Section 1201(a) 1203(a). That language is clear and unequivocal.

See, sentencing transcripts of January 28, 1998, at 3679-80.

The Sentencing Court also made the following statement:

> I will make the following statement for the record.
>
> If the trial Court is in error in finding that as to Counts 5 and 7 life sentence is a mandatory sentence, then there is no doubt in my mind that if the matter were remanded it would require an entirely new sentencing hearing at which time the defendant would be permitted to fully, completely and comprehensively on all and every

25

> aspect of the sentencing here, because that preliminary determination is so critical.
>
> I have not expressed any opinion as to what the sentence would be as to Counts 5 and 7 if the life sentence were not mandatory.
>
> But because that is such as overriding point here, on remand the trial Court would start anew, de novo in terms of what sentence to impose on each and every count of which the defendant has been convicted

See, sentencing transcripts at 3717-18.

However, the Court should note that even under the now advisory guideline scheme, the resultant death enhancement of Sections 1201(a) and 1203(a) cannot be used to enhance Ruiz's sentence from 210-month high end of his revised guideline range, to a mandatory minimum of life imprisonment unless the resultant death was an element of Ruiz's offense of conviction. *Lawler v. United States*, 818 F.3d 281, 285 (7th Cir. 2016). In *Lawler*, the Seventh Circuit made clear that a resultant death enhancement "applies only when [the] resultant death (or serious bodily injury) was an element of the [defendant's] crime of conviction prove[d] beyond a reasonable doubt or admitted by the defendant."). In Ruiz's case, it is undisputed; the resultant death is not part of Ruiz's offense of conviction.

The following table represents all of Ruiz's offenses of conviction without the §924(c) counts and the now inapplicable resultant death enhancement:

26

| Count | Offense | Offense Level | Guideline Range |
|---|---|---|---|
| 1. | Racketeering Conspiracy 18 U.S.C. §1962(d) | 35 | 168-210 months |
| 2. | Hostage taking 18 U.S.C. §1203(a) | 33 | 135-168 months |
| 3. | Hostage taking 18 U.S.C. §1203(a) | 35 | 168-210 months |
| 4. | Hostage taking 18 U.S.C. §1203(a) | 33 | 135-168 months |
| 5. | Hostage taking 18 U.S.C. §1203(a) | 33 | 135-168 months |
| 6. | Conspiracy to kidnap 18 U.S.C. §1201(c) | 35 | 168-210 months |
| 7. | Kidnapping 18 U.S.C. §1201(a) | 33 | 135-168 months |
| 8. | Simple assault 18 U.S.C. §111(a) | | 0-6 months |
| 9. | 18 U.S.C. §924(c) Based on Conspiracy to commit kidnapping | VOID | |
| 10. | 18 U.S.C. §924(c) Based on Kidnapping | VOID | |
| 11. | 18 U.S.C. §924(c) Based on simple assault | VOID | |

The Court should note that Ruiz has already served 340 months in prison (and counting), and even without taking into account 51 months of good time credits that he has earned, he has served at least 130 months (10 years 4 months) beyond the 210 high end of his revised guideline range. Thus, what can be a more extraordinary circumstance that having a person serving a living-death sentence based on two crimes for which both the

government and the appellate court has acknowledged that he was neither charged nor convicted? What can be a more extraordinary circumstance than having a person serving a 45-year consecutive sentence based on three nonexistent crimes of violence under §92§(3)(A)? This Court should find that in both scenarios constitutes an extraordinary circumstance that justify reopening Ruiz's underlying §2255 motion, under Rule 60(b)(6).

(2) Ruiz has been diligent in pursuing relief based on his underlying pleadings. The chronology of Ruiz's multiple filings clearly demonstrate that he has been continuously asking the courts to hear his case, however, none of his filings has been considered on the merits.

(3) after both this Court and the appellate court declined to address Ruiz's underlying claims on the merits, he filed a petition for a writ of certiorari with the Supreme Court, however, it was denied on March 8, 2022. Therefore, there is no other remedies or avenue available other than the instant Rule 60(b)(6) motion, to ask the Court to consider his underlying claim.

And (4) the Court should note that Ruiz and his codefendants are the only defendants in the entire Circuit with an active §924(c) conviction and 45-year consecutive sentence, based on three nonexistent crimes of violence under §924(c)(3)(A)--that is--conspiracy to commit kidnapping under §1201(c); kidnapping under §1201(a); and misdemeanor simple assault under

28

§111(a)(1). See, *United States v. Jenkins*, 849 F.3d 390, 394-95 (7th Cir. 2017)(§924(c) conviction based on kidnapping vacated and case remanded for a full resentencing hearing); *United States v. Brazier*, 933 F3d 796, 801 (7th Cir. 2019)(same); and *United States v. Sandoval*, 2019 U.S. Dist. LEXIS 2059 (C.D. Ill. Nov. 27, 2019)(same), just to cite some of the cases where the §924(c) convictions has been eliminated, and the cases remanded for a full resentencing hearing.

Indeed, it is well established that, "it is Congress, not the courts, which can make conduct criminal." *Bousley*, 523 U.S. at 621. The Court's failure to consider Ruiz's 28 U.S.C. §2255(h)(2) motion on the merits, and its failure to correct Ruiz's unconstitutional convictions and sentence under §924(c), constitutes a defect in the integrity of the habeas proceedings. Therefore, leaving in place Ruiz's §924(c) convictions, the Court will be creating a nonexistent law capable to punished any person without the limits set forth by both Congress and the United States Constitution. "[C]onviction and punishment . . . for an act that the law does not make criminal . . . inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346.

## CONCLUSION

Therefore, based on all of the above, and this Court's inherent power to ensure that fairness and justice are done, Ruiz's Rule 60(b)(6) motion should be granted and: (1) re-open the underlying §2255 proceedings; (2) grant the relief sought; and (3) issue and order for a prompt resentencing hearing.

On __16__ of __12__, 202_4_ ,
    <sub>Day</sub>        <sub>Month</sub>      <sub>Year</sub>

Respectfully submitted,

_____

Jesus Ruiz pro se

Reg. No. 09184-424

FCI Pekin

Post Office Box 5000

Pekin, Illinois 61555

## CERTIFICATE OF SERVICE

I, Reyna Ruiz (sister of Jesus Ruiz), hereby declare under penalty of perjury that I placed the foregoing Motion to Re-Open under Rule 60(b)(6), in the U.S. Post Office Service with pre-paid, first-class postage, to the Clerk of the Court for the Northern District of Illinois, as well as a copy of same, addressed to the Assistant U.S. Attorney at:

CC:

    219 S. Dearborn Street
    Chicago, Illinois, 60604

    Erica Zunkel
    Criminal and Juvenile Justice Clinic
    University of Chicago Law School
    6020 S. University Avenue
    Chicago, Illinois 60637

    John Gleeson
    DEBEVOISE & PLEMPTON LLP
    66 Hudson Blvd.
    New York, NY. 10001

On ___16___ of ___12___, 202_24_
     Day       Month     Year

Respectfully submitted,



Jesus Ruiz pro se

By: Reyna Ruiz



**UNITED STATES POSTAL SERVICE**

*Retail*

PRESS FIRMLY TO SEAL

**PRIORITY MAIL**
**FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

**P**

**US POSTAGE PAID**
**$10.45**
Origin: 60804
12/16/24
1615080501-11

**PRIORITY MAIL®**

0 Lb 8.40 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 12/18/24

C005

SHIP TO:
 219 S DEARBORN ST
CHICAGO IL 60604-1702

**USPS TRACKING® #**



9505 5130 4262 4351 5588 49





PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

**PRIORITY**® **MAIL**

...ctions apply).*

...any international destinations.

...n is required.

...exclusions see the

...and limitations of coverage.

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PAPER POUCH

how2recycle.info

**FROM:**

Reyna Ruiz
3403 S 57 Ave
Cicero IL 60804

**TO:**

Clerk of the Court for The Northern
District of Illinois.
219. S. Dearborn Street
Chicago Illinois. 60604