UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESUS RUIZ,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 1:16-cv-02521<br><br>Judge Martha M. Pacold |

## MEMORANDUM OPINION AND ORDER

    The court has received petitioner's motion to reopen his 28 U.S.C. § 2255 petition under Federal Rule of Civil Procedure 60(b)(6). [41]. Because, as discussed below, the motion is in substance a successive § 2255 petition for which petitioner has not received authorization from the Court of Appeals, the court lacks jurisdiction to entertain it. The motion is therefore stricken without prejudice to petitioner's ability to raise the arguments contained in the motion before an appropriate court. This case remains closed.

## BACKGROUND

    In 1997, a federal jury convicted Jesus Ruiz of (1) conspiracy to commit racketeering, (2) conspiracy to commit kidnapping, (3) kidnapping resulting in death, (4) assaulting a federal officer, (5) four counts of violating the Hostage Act, including one count resulting in death, and (6) three counts of using a firearm during and in relation to a crime of violence. *See Ruiz v. United States*, 990 F.3d 1025, 1027–28 (7th Cir. 2021). The district court sentenced Ruiz to seven concurrent life sentences, a 10-year concurrent sentence, and a 45-year consecutive sentence. *Id.* at 1028. The Seventh Circuit affirmed. *See United States v. Torres*, 191 F.3d 799, 803 (7th Cir. 1999).

    In the nearly three decades since his conviction, "Ruiz has made several attempts to challenge his sentence," none of which has been successful. *Ruiz*, 990 F.3d at 1028. In the instant case, the Seventh Circuit granted Ruiz permission under 28 U.S.C. § 2244(b)(3) to file an additional collateral attack in light of *Johnson v. United States*, 576 U.S. 591 (2015). *Ruiz*, 990 F.3d at 1028; *see* 28 U.S.C. § 2244(b)(2)(A). Ultimately, however, the district court "concluded that any error . . . was harmless because Ruiz faced seven life sentences, including two mandatory life sentences." *Ruiz*, 990 F.3d at 1029. It did not decide whether Ruiz's constitutional rights were violated. *Id.*

The Seventh Circuit affirmed, also declining to decide the constitutional question because it concluded that any error was harmless. *Id.* at 1031, 1035. The court did not decide whether the harmlessness inquiry was governed by the "harmless beyond a reasonable doubt" standard applicable to constitutional errors on direct appeal, *Chapman v. California*, 386 U.S. 18, 24 (1967), the "substantial and injurious effect or influence" standard applicable to habeas petitions brought by state prisoners and to nonconstitutional errors on direct appeal, *Brecht v. Abrahamson*, 507 U.S. 619, 623, 631–32 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)), or some "third standard." *Ruiz*, 990 F.3d at 1031. Instead, the court decided that the error was harmless under any standard. *Id.*

Judge Wood dissented, arguing that "a conviction for a noncrime is always prejudicial error as a matter of law, regardless of the sentence and how it relates to other convictions and sentences from the same or other proceedings." *Id.* at 1035. The Seventh Circuit denied rehearing en banc. 5 F.4th 839 (7th Cir. 2021). Judge Wood again dissented, this time joined by Judge Rovner and Judge Hamilton. *Id.* at 840–44. The Supreme Court denied Ruiz's petition for a writ of certiorari. 142 S. Ct. 1421 (2022).

On December 24, 2024, Ruiz filed a *pro se* motion that he styles a "motion to re-open [his] 28 U.S.C. § 2255(h)(2) petition, based upon a defect in the integrity of the habeas proceedings, pursuant to Fed. R. Civ. P. 60(b)(6)." [41].[1] In the motion, Ruiz argues that "[t]he Court's failure to consider [his] 28 U.S.C. § 2255(h)(2) motion on the merits, and its failure to correct [his] unconstitutional convictions and sentence under [18 U.S.C.] § 924(c), constitute[] a defect in the integrity of the habeas proceedings," thus allowing relief under Rule 60(b)(6). [41] at 30.[2]

## DISCUSSION

Because Ruiz is "[a] prisoner in custody under sentence of a court established by Act of Congress" and he is "claiming the right to be released" on one of the grounds enumerated in 28 U.S.C. § 2255(a), his petition is governed by § 2255. *Id.* § 2255(a). As always, the "first question" is whether the court has subject-matter jurisdiction. *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 876 (7th Cir. 2020). The court has an "independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and must answer the jurisdictional

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

[2] On the same day he filed the instant motion in this case, Ruiz also filed in his underlying criminal case several documents related to one of his co-defendants' guilty pleas. *United States v. Ruiz*, No. 96-cr-00407-3, Dkt. #538. Those documents appear to be related to Ruiz's instant motion in this case, not to his then-pending motion in the underlying criminal case. Thus, although the documents are not filed on the docket in this case, the court has reviewed them in the course of considering Ruiz's motion in this case.

question before turning to the merits, even when the jurisdictional question is more difficult than the merits question. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998). Here, the jurisdictional question is whether Ruiz's motion, though labeled a Rule 60(b) motion, is in substance a successive § 2255 petition. If it is, then the absence of authorization from the Seventh Circuit means that this court lacks subject-matter jurisdiction and must dismiss the motion. *Blitch v. United States*, 39 F.4th 827, 832 (7th Cir. 2022). If not, then the court has jurisdiction to consider the motion on the merits. *See Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015).

While motions for relief from judgment under Rule 60(b) are permissible in § 2255 cases, *see, e.g.*, *id.*, "successive" § 2255 petitions are "strictly limited." *Jones v. Hendrix*, 599 U.S. 465, 476 (2023). Successive § 2255 petitions are permitted only when the motion relies on "(1) newly discovered evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Crucially, whether a successive motion satisfies these requirements must be decided "by a panel of the appropriate court of appeals"—here, the Seventh Circuit. *Id.* This requirement is, "[f]rom the district court's perspective . . . an allocation of subject-matter jurisdiction to the court of appeals" that divests the district court of jurisdiction unless the Seventh Circuit first grants approval (as it did for the original § 2255 petition in this case). *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

As noted previously, Ruiz styles his motion a Rule 60(b) motion, and such motions are not subject to these jurisdictional restrictions. *See Ramirez*, 799 F.3d at 850. However, "whether a motion counts as a successive [§ 2255 petition] does not rest on the 'characterization' applied to it'" by the petitioner, but rather turns on "the actual relief sought." *Blitch*, 39 F.4th at 833 (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)); *see Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (holding that, "although labeled a Rule 60(b) motion," a motion that is "in substance a successive habeas petition . . . should be treated accordingly"); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 . . . *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . . [T]he name makes no difference. It is the substance that controls."). Thus, the court must determine whether Ruiz's motion is, in substance, a successive § 2255 petition.

A motion is a successive § 2255 petition if it (1) "present[s] new claims for relief from a . . . judgment of conviction" or (2) "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez*, 545 U.S. at 531–32. By contrast, a motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" is a true Rule 60(b) motion not subject to the bar on successive § 2255 petitions. *Id.* at 532.

3

While Ruiz's motion does not present a new claim for relief, it does attack the Seventh Circuit's previous resolution of his *Johnson* claim. The question, then, is whether the Seventh Circuit's denial of Ruiz's claim on harmless-error grounds constitutes a denial "on the merits," as that term is used in *Gonzalez*.

The *Gonzalez* Court recognized that "[t]he term 'on the merits' has multiple usages." 545 U.S. at 532 n.4 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501–03 (2001)). Because *Gonzalez* was a state-prisoner case governed by § 2254, not § 2255, the guidance it gave in drawing that line refers to the requirements for those cases; it clarified that by "on the merits," it meant "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* By contrast, the Court explained that a petitioner is not challenging the court's adjudication of a claim on the merits "when he merely asserts that a previous ruling *which precluded a merits determination* was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* (emphasis added).

Whether a harmlessness determination is a determination "on the merits" is a difficult question. In support of treating the determination as not on the merits (and thus asserting jurisdiction over the motion), Ruiz could argue, for example, that the statutory authority underlying the *Brecht* harmlessness standard—§ 2243's "law and justice" clause—is the same statutory authority underlying the procedural default rule, *see Danforth v. Minnesota*, 552 U.S. 264, 278 (2008), and the application of the procedural default rule does not constitute an adjudication on the merits under *Gonzalez*. 545 U.S. at 532 n.4; *see Buck v. Davis*, 580 U.S. 100, 123 (2017) (allowing a Rule 60(b) motion to relitigate a claim erroneously dismissed for procedural default); *Ramirez*, 799 F.3d at 848 (same). Alternatively, he could point to the Seventh Circuit's statement in *United States v. Cappas*, 29 F.3d 1187 (7th Cir. 1994), that harmless-error analysis "does not define the scope of the underlying substantive constitutional rights . . . but is rather about what *remedy* is required where it is agreed that constitutional rights have been violated." *Id.* at 1193. In this sense, harmless-error analysis is somewhat analogous to exhaustion and procedural default, in that they define not the constitutional obligations of trial courts but rather the remedies when those obligations are not satisfied.[3]

These arguments have some force. Ultimately, however, the court concludes that the Seventh Circuit's harmless-error determination was "on the merits" within

---

[3] The same is true, however, of 28 U.S.C. § 2254(d). *See Fry v. Pliler*, 551 U.S. 112, 119 (2007) (noting that § 2254(d) "sets forth a precondition to the grant of habeas relief . . . not an entitlement to it"); *see also Gish v. Hepp*, 955 F.3d 597, 603–04, 607 (7th Cir. 2020) (finding § 2254(d)'s requirements satisfied but denying relief because of the absence of a constitutional violation). Yet *Gonzalez* makes clear that a federal court's denial of relief under § 2254(d) constitutes an adjudication on the merits for purposes of the distinction between Rule 60(b) motions and successive petitions. 545 U.S. at 532 n.4.

4

the meaning of *Gonzalez*, and thus that the court lacks subject-matter jurisdiction. This conclusion follows for three reasons.

First, the Supreme Court has held that a state court's denial of a federal constitutional claim on harmless-error grounds "undoubtedly constitutes an adjudication of [the] constitutional claim 'on the merits'" as that term is used in 28 U.S.C. § 2254(d). *Davis v. Ayala*, 576 U.S. 257, 269 (2015) (citing *Mitchell v. Esparza*, 540 U.S. 12, 17–18 (2003) (per curiam)); *accord Brown v. Davenport*, 596 U.S. 118, 127 (2022). Although the term "adjudicated on the merits" does not necessarily bear the same meaning under *Gonzalez* as under § 2254(d), the § 2254(d) cases are nonetheless highly probative. That is especially true given that the *Gonzalez* Court drew on § 2254(d) case law in defining related terms. *See id.* at 530 (citing *Woodford v. Garceau*, 538 U.S. 202, 207 (2003)).

Second, the Seventh Circuit's decision in *Blitch* indirectly supports the conclusion that a harmless-error determination counts as an adjudication on the merits under *Gonzalez*. In *Blitch*, "[t]he district court did not acknowledge or rule on" an argument the prisoner had raised in a motion to amend his § 2255 petition. 39 F.4th at 833. The Seventh Circuit ultimately held that this was an attack on a defect in the habeas proceedings, rather than an attack on the court's adjudication of the merits. *Id.* However, it considered that "a close call" in light of the motion's reliance on "the same basic claim" as the original § 2255 petition. *Id.* If a district court's failure to address an argument presents a "close call," an appellate ruling on harmlessness grounds is likely on the other side of the line.

Finally, the overall tenor of Ruiz's motion is his pursuit of a "second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5. He argues extensively that the Seventh Circuit's decision denying his petition was simply wrong. The thrust of Ruiz's motion, then, "fits comfortably within" the language of § 2255(a), supporting the conclusion that the motion as a whole is in substance a § 2255 petition. *See Melton*, 359 F.3d at 857.

Because the court concludes that Ruiz's motion is, despite its label, a successive § 2255 petition, the court lacks subject-matter jurisdiction to decide the motion. *See Blitch*, 39 F.4th at 832. The court thus does not reach the merits of Ruiz's constitutional claim. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (noting that, if a dispute is not within a court's jurisdiction, the court has "no business deciding it, or expounding the law in the course of doing so").

## CONCLUSION

The court lacks jurisdiction to decide petitioner's motion to reopen, [41]. The motion is thus stricken without prejudice to petitioner's ability to raise the same arguments before an appropriate court. This case remains closed.

Dated: August 25, 2025 /s/ Martha M. Pacold